## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 51133

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>JAKE JOSEPH COTTRELL,<br><br>      Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Filed: July 26, 2024**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, District Judge.

Judgment of conviction and unified sentence of forty years, with a minimum period of confinement of twenty years, for two counts of aggravated assault on certain law enforcement personnel and robbery, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

    Jake Joseph Cottrell pled guilty to two counts of aggravated assault on certain law enforcement personnel, Idaho Code §§ 18-915(1), -905 and robbery, I.C. § 18-6501.[1] The district

---

[1] Cottrell's plea to the second count of aggravated assault on certain law enforcement personnel was entered pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970).

court imposed a unified sentence of forty years, with a minimum period of confinement of twenty years.[2] Cottrell appeals, arguing that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Cottrell's judgment of conviction and sentences are affirmed.

---

[2] More specifically, the district court imposed a unified sentence of ten years, with a minimum period of confinement of ten years, for count I of aggravated assault on certain law enforcement personnel; the district court imposed a unified sentence of ten years, with a minimum period of confinement of ten years, for count II of aggravated assault on certain law enforcement personnel, to be served consecutive to count I; and the district court imposed a unified sentence of twenty years, with a minimum period of confinement of zero years, for robbery, to be served consecutive to counts 1 and 2.